ORIGINAL

# In the United States Court of Federal Claims

No. 16-1451C
(Filed: June 21, 2017)

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* <br> ALBERT W. UPSHUR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. <br> \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | FILED <br><br> JUN 2 1 2017 <br><br> U.S. COURT OF <br> FEDERAL CLAIMS |

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiffs pro se Albert Upshur, Yolanda Thompson, and Bernie Sheppard are residents of Pennsylvania. Plaintiffs challenge the jurisdiction and legal authority of the United States and the Commonwealth of Pennsylvania but do not identify any specific conduct by either government and fail to allege facts giving rise to these generalized claims. Plaintiffs also allege that the United States and the Commonwealth of Pennsylvania "interpret and apply the law" against Plaintiffs and that these governments have violated Plaintiffs' "Constitutional rights, Federal law, and a treaty" - - again without identifying any conduct giving rise to such violations. Compl. ¶¶ 3-5. Plaintiffs seek $4.6 trillion in damages. Pls.' Resp. 31.

### Discussion

Plaintiffs have the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must

---

[1]    This background is derived from Plaintiff's complaint.

dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to the Plaintiffs when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal quotations omitted)).

Plaintiffs name as defendants the Commonwealth of Pennsylvania, a number of named but unidentified individuals, unnamed banks and a real estate investment company, the Internal Revenue Service, and the Federal Reserve System. The only proper defendant in this Court is the United States. United States v. Sherwood, 312 U.S. 584, 588 (1941); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979). To the extent that Plaintiffs allege claims against parties other than the United States, this Court lacks jurisdiction to entertain those claims.

Plaintiffs invoke 28 U.S.C. §§ 1333, 1337, 2461, and 2463, as well as the First, Fifth, and Fourteenth Amendments, but these provisions do not provide a basis for jurisdiction in this Court. Section 1333 of Title 28, "Admiralty, maritime and prize cases," grants exclusive jurisdiction to the district courts, as does § 1337, "Commerce and antitrust regulations; amount in controversy, costs." 28 U.S.C. §§ 1333, 1337 (2012). Neither Section 2461 of Title 28, "Mode of recovery," nor Section 2463, "Property taken under revenue law not repleviable," are a money-mandating statute that confers jurisdiction on this Court.

Finally, this Court does not have jurisdiction over claims arising under the First, Fifth, or Fourteenth Amendments. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (finding that the Fifth and Fourteenth Amendments do not form "a sufficient basis for jurisdiction because they do not mandate payment of money by the government"); Hernandez v. United States, 93 Fed. Cl. 193, 198 (2010) (stating that the First Amendment is not money-mandating).

## Conclusion

Defendant's motion to dismiss is **GRANTED**. Plaintiffs' motion for summary judgment and motion for default judgment are denied as moot. The Clerk is directed to dismiss this action.

*Mary Ellen C Williams*
MARY ELLEN COSTER WILLIAMS
**Judge**